THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BROOK B. ELLIS, Defendant-Appellant.

Third District    No. 80-415

Opinion filed April 9, 1981.

Robert Agostinelli and Karen Szpajer, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

Following a jury trial, the defendant, Brook Ellis, was found guilty of armed robbery occurring in Peoria, Illinois. He was sentenced to the penitentiary for eight years. In this appeal he contends his conviction should be reduced to robbery since the People did not prove the gun he used was a dangerous weapon within the meaning of the armed-robbery statute (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a)).

The facts are straightforward. On November 27, 1979, at approximately 2:30 in the morning, Sherry Woodmancy, a cashier, was working alone at the Derby Gas Station. A man approached her enclosed, glass booth and asked where the restroom was. A short time later he returned requesting directions to St. Louis, Missouri. Woodmancy said she did not know the way. The man, later identified in court by Ms. Woodmancy as Brook Ellis, pulled out a revolver and demanded all the currency. She complied. After he told her to lie down on the floor of the booth, he fled. In response to Ms. Woodmancy's telephone call, the police arrived with dispatch. They obtained a description of the robber and his automobile. Ten minutes later, and within 20 blocks of the gas station, Ellis was stopped by Officer Hibser for running a red light. Subsequently, he was arrested when he failed to produce his driver's license and the arresting officer saw what he believed was a metal object protruding from a newspaper adjacent to the driver's seat. A search of the car revealed $458 in paper money and a handgun. Ms. Woodmancy identified Ellis as the robber at the site of the arrest.

After advising Ellis of his rights under *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, Officer Hibser testified Ellis admitted committing the crime. He also stated that his examination of the revolver revealed a lodged, live shell in its barrel. Apparently the gun had been loaded incorrectly or with the wrong type of bullets. The gun and money were admitted into evidence. Ellis testified that on the evening previous to the crime he visited friends in Peoria and a social club in the early morning hours of November 27. When stopped by police, he was going to the interstate to return to the Chicago area. The gun was obtained in Peoria as the result of some gambling winnings. The cash was acquired by cashing several payroll checks and from gambling profits. His story was uncorroborated.

Ellis claims that since the actual firearm used in the robbery was not shown to be properly loaded or operable, the People have not proved Ellis was armed with a dangerous weapon and thus he can only be convicted of simple robbery, not armed robbery. Alternatively, leading to the same conclusion, he claims that the People failed to show the revolver was used as a bludgeon to threaten the cashier. The authority for these

views, Ellis urges, is *People v. Skelton* (1980), 83 Ill. 2d 58. Defendant's arguments are inaccurate interpretations of that opinion.

In *Skelton,* our supreme court, after a thorough review of the issue raised in this case, held that a plastic, toy revolver, as used in that armed robbery, was not a dangerous weapon within the meaning of the armed robbery statute. The court observed that many devices could be dangerous weapons if used in a manner for which not designed. It also noted:

> "Most, if not all, unloaded real guns and many toy guns, because of their size and weight, could be used in deadly fashion as bludgeons. *Since the robbery victim could be quite badly hurt or even killed by such weapons if used in that fashion, it seems to us they can properly be classified as dangerous weapons although they were not in fact used in that manner during the commission of the particular offense. It suffices that the potential for such use is present;* the victim need not provoke its actual use in such manner." (Emphasis added.) *People v. Skelton* (1980), 83 Ill. 2d 58, 66.

Admitting the weapon into evidence for the jury's consideration was proper. In this case it is unreasonable to argue that the character of a loaded revolver, albeit incorrectly loaded, should lead the trial judge to conclude the gun was not a dangerous weapon, thus authorizing him to take the issue from the jury.

A firearm is a dangerous weapon. Even if unloaded or inoperable, it could be used as a bludgeon. *(People v. Chapman* (1979), 73 Ill. App. 3d 546.) Whether firing a pistol or employing it as a club, either use would be sufficient to cause grave bodily injury. And, even if a threat by Ellis to use the gun as a. club was not enunciated, this in no way diminishes the potential for the gun's use in such a manner. *(People v. Greer* (1977), 53 Ill. App. 3d 675.) On the other hand, perhaps the jury believed the revolver capable of firing a live round. As to which theory the jury assigned its determination the gun was dangerous, we do not know. Either was adequate. To disturb the jury's finding would merely be to substitute our judgment for the jury's. As a reviewing court, this is not our function.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.